Darrell W. Clark, Esq.
Tracey M. Ohm, Esq.
STINSON LLP
1775 Pennsylvania Ave., NW, Suite 800
Washington, DC 20006
Email: Darrell.clark@stinson.com
Email: tracey.ohm@stinson.com
Tel: 202-785-9100
Fax: 202-572-9948

*Counsel for Cellco Partnership d/b/a Verizon Wireless*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>RUNWAY LIQUIDATION HOLDINGS, LLC, *et al.*[1],<br><br>          Debtors. | Chapter 11<br>Case No. 17-10466 (SCC)<br><br>(Jointly Administered) |
| RUNWAY LIQUIDATION, LLC,<br><br>          Plaintiff,<br><br>    v.<br><br>CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS,<br><br>          Defendant. | Adv. Proc. No. 19-01037 (SCC) |

**ANSWER OF CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS**
**TO COMPLAINT FOR AVOIDANCE AND RECOVERY OF PREFERENTIAL**
**TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 & 550**

---

[1] A list of the Post-Effective Date Debtors in these chapter 11 cases, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number include: Runway Liquidation Holdings, LLC (6857); Runway Liquidation, LLC (5942); Runway Liquidation Intermediate Holdings, LLC (3673); MR Liquidation, LLC (9200); and MMH Liquidation, LLC (3854).

Cellco Partnership d/b/a Verizon Wireless ("Defendant" or "Verizon Wireless") answers the Complaint for Avoidance and Recovery of Preferential Transfers Pursuant to 11 U.S.C. §§ 547, & 550 ("Complaint"), filed by Runway Liquidation, LLC ("Plaintiff" or "Debtor") as follows:

## Nature of the Action

1. The Defendant admits as alleged in Paragraph 1 of the Complaint that Plaintiff is attempting to avoid and recover allegedly preferential transfers from Verizon Wireless, but denies that any transfers were made to Verizon Wireless that Plaintiff may avoid and recover.

## The Parties

2. The allegations set forth in Paragraph 2 of the Complaint state a legal conclusion to which no response is required. To the extent that the allegations set forth in Paragraph 2 are deemed allegations of fact, the Defendant is without sufficient information and knowledge to admit or deny the allegations, and therefore denies the same and demands strict proof thereof.

3. The Defendant admits the allegations set forth in Paragraph 3 of the Complaint except that it denies that it is formed under the laws of the State of Connecticut, as Defendant is a Delaware general partnership.

## Jurisdiction and Venue

4. The allegations set forth in Paragraph 4 of the Complaint state legal conclusions to which no response is required. However, Verizon Wireless does not dispute that this proceeding is core or the venue of this adversary proceeding.

5. The allegations set forth in Paragraph 5 of the Complaint state a legal conclusion to which no response is required. To the extent that the allegations set forth in Paragraph 5 are deemed allegations of fact, the Defendant admits the allegations.

## Case Background

6. The Defendant admits the allegations set forth in Paragraph 6 of the Complaint.

7. The Defendant is without sufficient information and knowledge to admit or deny the allegations in Paragraph 7 of the Complaint and therefore denies the same and demands strict proof thereof. To the extent that the allegations set forth in Paragraph 7 of the Complaint state a legal conclusion, no response is required.

## Facts

8. The Defendant is without sufficient information and knowledge to admit or deny the allegations in Paragraph 8 of the Complaint and therefore denies the same and demands strict proof thereof.

9. The Defendant denies that BCBG made all of the payments identified on Exhibit A to the Defendant as alleged in Paragraph 9 of the Complaint as the Defendant did not receive all of the payments on Exhibit A. The Defendant is otherwise without sufficient information and knowledge to admit or deny the allegations in Paragraph 9 of the Complaint and therefore denies the same and demands strict proof thereof.

10. The Defendant denies the allegations set forth in Paragraph 10 of the Complaint.

11. The allegations set forth in Paragraph 11 of the Complaint state a legal conclusion to which no response is required. To the extent that the allegations set forth in Paragraph 11 are deemed allegations of fact, the Defendant admits the allegations.

## FIRST CLAIM FOR RELIEF

### (Avoidance of Preferential Transfers – 11 U.S.C. § 547)

12. The Defendant incorporates its answers set forth in the above paragraphs as though fully set forth herein.

13. The Defendant denies the allegations set forth in Paragraph 13 of the Complaint.

14. The Defendant denies the allegations set forth in Paragraph 14 of the Complaint as to any of the Transfers that were not received by Verizon Wireless. The Defendant is otherwise without sufficient information and knowledge to admit or deny the allegations in Paragraph 14 of the Complaint and therefore denies the same and demands strict proof thereof.

15. The Defendant admits the allegations set forth in Paragraph 15 of the Complaint only as to those payments within the Transfers that were received by Verizon Wireless. The Defendant otherwise denies the allegations set forth in Paragraph 15 of the Complaint.

16. The Defendant admits the allegations set forth in Paragraph 16 of the Complaint only as to those payments within the Transfers that were received by Verizon Wireless. The Defendant otherwise denies the allegations set forth in Paragraph 16 of the Complaint.

17. The Defendant denies the allegations set forth in Paragraph 17 of the Complaint as to any of the Transfers that were not received by Verizon Wireless. The Defendant is otherwise without sufficient information and knowledge to admit or deny the allegations in Paragraph 17 of the Complaint and therefore denies the same and demands strict proof thereof.

18. The Defendant is without sufficient information and knowledge to admit or deny the allegations in Paragraph 18 of the Complaint and therefore denies the same and demands strict proof thereof. To the extent that the allegations set forth in Paragraph 18 of the Complaint state a legal conclusion, no response is required.

19. The Defendant denies the allegations set forth in Paragraph 19 of the Complaint.

20. The Defendant admits that it has not "returned" any of the Transfers to the Plaintiff as set forth in Paragraph 20 of the Complaint. Defendant denies that it is liable to do so

under the Bankruptcy Code, and denies that it could "return" any of the Transfers that it did not receive.

21.     The allegations set forth in Paragraph 21 of the Complaint state a legal conclusion to which no response is required. To the extent that the allegations set forth in Paragraph 21 are deemed allegations of fact, the Defendant denies the allegations.

## SECOND CLAIM FOR RELIEF

## (Recovery of Property – 11 U.S.C. § 550)

22.     The Defendant incorporates its answers set forth in the above paragraphs as though fully set forth herein.

23.     The allegations set forth in Paragraph 23 of the Complaint state a legal conclusion to which no response is required. To the extent that the allegations set forth in Paragraph 23 are deemed allegations of fact, the Defendant denies that any transfers to the Defendant may be avoided.

24.     The Defendant admits the allegations set forth in Paragraph 24 of the Complaint only as to those payments within the Transfers that were received by Verizon Wireless. The Defendant otherwise denies the allegations set forth in Paragraph 24 of the Complaint.

25.     The allegations set forth in Paragraph 25 of the Complaint state a legal conclusion to which no response is required. To the extent that the allegations set forth in Paragraph 25 are deemed allegations of fact, the Defendant denies the allegations.

## GENERAL DENIAL

Defendant generally denies any liability to the Plaintiff. To the extent any allegations in the Complaint have not been specifically admitted or denied, they are hereby denied.

## AFFIRMATIVE DEFENSES

The Defendant asserts the following affirmative defenses:

A.  First Affirmative Defense:

Verizon Wireless did not receive all of the payments identified on Exhibit A to the Complaint. Nor were the payments identified on Exhibit A to the Complaint that Verizon Wireless did not receive otherwise made for the benefit of Verizon Wireless. Upon information and belief, those entities that received the payments identified on Exhibit A to the Complaint would have their own defenses to the Plaintiff's attempts to avoid and recover the Transfers.

B.  Second Affirmative Defense:

The Debtor assumed and assigned an executory contract with Verizon Wireless pursuant to the Plan and § 365 of the Bankruptcy Code. The Plaintiff may not avoid any of the Transfers that were paid on pursuant to that assumed and assigned executory contract.

C.  Third Affirmative Defense:

Verizon Wireless gave new value to or for the benefit of the Debtor in exchange for all allegedly preferential transfers received by Verizon Wireless, and such value was not secured by an otherwise unavoidable security interest and because of which new value the Debtor did not make an otherwise unavoidable transfer to or for the benefit of Verizon Wireless.

D.  Fourth Affirmative Defense:

All allegedly preferential transfers received by Verizon Wireless were in payment of a debt incurred by the Debtor in the ordinary course of business or financial affairs of the Debtor and Verizon Wireless.

E.  Fifth Affirmative Defense:

Any transfers received by Verizon Wireless included charges for taxes, government fees, etc. Verizon Wireless is a mere conduit for the amounts paid to satisfy such charges.

F.   Sixth Affirmative Defense:

To the extent that any transfer received by Verizon Wireless constituted a pre-payment on an account, such transfer was not preferential, because it did not pay antecedent debt.

G.   Seventh Affirmative Defense:

To the extent that the Debtor had an unapplied credit on their account with Verizon Wireless, that unapplied credit could be applied against the invoices paid by any later transfers, thus making those transfers unavoidable under 11 U.S.C. § 547(b)(5).

H.   Eighth Affirmative Defense:

The claims asserted in the Complaint are barred by *res judicata* arising from entry of an order confirming a plan of reorganization in the captioned bankruptcy case.

I.   Ninth Affirmative Defense:

The Plaintiff lacks standing as the holder of the claims asserted in the Complaint because the claims were not effectively preserved for enforcement or assigned to Plaintiff.

**RESERVATION OF RIGHTS**

The Defendant expressly reserves the right to amend this answer by way of adding affirmative defenses, counterclaims, cross-claims and/or third party claims as additional facts are obtained through further investigation and discovery.

WHEREFORE, the Defendant, Cellco Partnership d/b/a Verizon Wireless, respectfully requests that judgment be entered in favor of Defendant against the Plaintiff on all counts of the Complaint, and that Verizon Wireless be awarded its costs and expenses to the extent provided by law, together with such other and further relief as this Court may deem just and proper.

| | |
|---|---|
| Dated: June 28, 2019 | Respectfully submitted: |
| | /s/ Tracey M. Ohm |
| | Darrell W. Clark |
| | Tracey M. Ohm |
| | STINSON LLP |
| | 1775 Pennsylvania Ave., NW, Suite 800 |
| | Washington, DC 20006 |
| | Email: darrell.clark@stinson.com |
| | Email: tracey.ohm@stinson.com |
| | Tel: 202-785-9100 |
| | Fax: 202-572-9948 |
| | |
| | *Counsel for Cellco Partnership* |
| | *d/b/a Verizon Wireless* |

## CERTIFICATE OF SERVICE

I hereby certify that on June 28, 2019, a copy of the foregoing Answer of Cellco Partnership d/b/a Verizon Wireless the Complaint for Avoidance and Recovery of Preferential Transfers Pursuant to 11 U.S.C. §§ 547, & 550 was served by electronic service through the Court's ECF system, and by electronic mail on the following:

Beth E. Levine, Esq.
Andrew W. Caine, Esq.
Jason S. Pomerantz, Esq.
780 Third Avenue, 34th Floor
New York, NY 10017
Tel.: (212) 561-7700
Fax: (212) 561-7777
Email: blevine@pszjlaw.com
acaine@pszjlaw.com
jspomerantz@pszjlaw.com

                                                                                             /s/ Tracey M. Ohm
                                                                                             Tracey M. Ohm